UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
DISTRICT COURT
DIVISION
05 MAY 25  PM 4: 45
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| LORNE F. BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number: |
| | ) |
| WELTMAN, WEINBERG | ) |
| & REIS CO. L.P.A., | ) |
| and NICHOLAS K. ROHNER, | ) |
| | ) |
| Defendants. | ) 1 : 05-cv- 0789 -RLY -TAB |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**1.**  Plaintiff Lorne F. Banks ("Mr. Banks") brings this action against Defendants Weltman, Weinberg & Reis Co. L.P.A. ("Weltman") and Nicholas K. Rohner ("Mr. Rohner") for Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

**2.**  This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1692k.  Venue in this district is proper because letters sent by Defendants to Plaintiff were received by United States mail in this district, phone calls were made by Defendants to Plaintiff in this district, and Defendants do business in this district.

### PARTIES

**3.**  Mr. Banks is an individual who resides in Marion County, Indiana.

**4.**  Mr. Banks is a consumer as defined by § 1692a(3), in that Defendants sought to collect on a debt Mr. Banks allegedly obtained for personal, family or household purposes.

Page 1 of 9 Pages

**5.**  Weltman is a debt collector as defined by § 1692a(6), in that Weltman regularly attempts, directly or indirectly, to collect debts that were originally owed or alleged to be owed to persons other than Weltman.

**6.**  Mr. Rohner is an employee of Weltman and is a  debt collector as defined by § 1692a(6), in that Mr. Rohner regularly attempts, directly or indirectly, to collect debts that were originally owed or alleged to be owed to persons other than Weltman.

**7.**  Mr. Rohner is an attorney licensed to practice law in Indiana and is debt collector as defined by § 1692a(6), in that Mr. Rohner regularly attempts, directly or indirectly, to collect debts that were originally owed or alleged to be owed to persons other than Mr. Rohner.

## FACTUAL ALLEGATIONS

**8.**  Plaintiff incorporate each of the foregoing allegations as if fully set forth hereafter.

**9.**  On May 5, 2005, Mr. Rohner sent Mr. Banks a letter ("Dunning Letter") advising Mr. Banks that a lawsuit will be filed for an alleged debt owed to Discover ("Subject Debt").

**10.**  A true and accurate copy of the Dunning Letter is attached hereto, incorporated herein by reference, and identified as Exhibit A.

**11.**   Within the same envelope as <u>Exhibit A</u> was also enclosed a document titled

COMPLAINT.  This COMPLAINT set forth, in a caption

```
STATE OF INDIANA   )    IN THE MARION SUPERIOR COURT
                   )SS:
COUNTY OF MARION   )    CAUSE NO. 49D__05050-CC


DISCOVER BANK                )
3311 MILL MEADOW DR.         )
HILLIARD, OH 43026           )
                             )
      Plaintiff              )
                             )
vs.                          )
                             )
TINA R DEMUTH                )
AKA TINA DEMUTH              )
2269 N RACEWAY RD            )
INDIANAPOLIS, IN 46234       )
                             )
LORNE F BANKS                )
AKA LORNE F BANKS            )
2269 N RACEWAY RD            )
INDIANAPOLIS, IN 46234       )

      DefendantS
                        COMPLAINT

      Comes now Plaintiff, by and through counsel, and
for its Complaint states herein:  . . .
```

**12.**   In the COMPLAINT Defendants sent to Mr. Banks, Defendants sought an

award of "costs".

**13.**   **IND.R.TR.PRO.  54(D) Costs.**  Provides

> Except when express provision therefor is made
> either in a statute or in these rules, costs shall be
> allowed as of course to the prevailing party unless
> the court otherwise directs in accordance with any

Page 3 of 9 Pages

provision of law; but costs against any
governmental organization, its officers, and
agencies shall be imposed only to the extent
permitted by law. Costs may be computed and
taxed by the clerk on one [1] day's notice. On
motion served within five [5] days thereafter, the
action of the clerk may be reviewed by the court.

<u>14.</u>   According to Black's Law Dictionary, 6th Ed., Plaintiff is defined as:

A person who brings an action; the party who complains or
sues in a civil action and is so named on the record.  A person
who seeks remedial relief for an injury to rights; it designates
a complaint.  City of Vancouver v. Jarvis, 76 Wash.2d 110, 455
P.2d 591, 593.

<u>15.</u>   According to Black's Law Dictionary, 6th Ed., Defendant is defined as:

The person defending or denying; the party against whom relief
or recovery is sought in an action or suit or the accused in a
criminal case.

<u>16.</u>   At the time Weltman and Mr. Rohner sent Mr. Banks the COMPLAINT there

was no "Plaintiff" and there was no "Defendant" as there was no action pending between

these parties.

<u>17.</u>   At the time Defendants sent Mr. Banks their COMPLAINT, Weltman was

not a prevailing party in any action against  Mr. Banks.

<u>18.</u>   Defendants regularly send unfiled COMPLAINTS to consumers.  The Weltman

firm has been sued multiple times for activities related to sending consumers

COMPLAINTS along with its initial dunning letters to such consumers.

<u>19.</u>   On or about May 16, 2005, Weltman and Mr. Rohner filed a lawsuit

against Mr. Rohner in the Marion County Superior Court, Cause Number 49D07-0505-CC-

18903.

Page 4 of 9 Pages

## COUNT I - WELTMAN AND NICHOLAS ROHNER
## FALSE OR MISLEADING REPRESENTATIONS

**20.**   Plaintiff incorporates each of the foregoing allegations as if fully set forth

hereafter.

**21.**   At all times relevant to the Plaintiff's Complaint, there was in full force and

effect the following federal statute providing, in pertinent part:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> (2) The false representation of--
>
> (A) the **character**, amount, or legal status of any debt; or . . .
>
> (Emphasis Supplied)

**22.**   Defendants knew or should have known that Mr. Banks was not obligated to

pay this debt.

**23.**   Mr. Banks was damaged as a direct result of the Defendants' false

representations.

WHEREFORE, Plaintiff, by counsel, respectfully request the Court:

**a.**   enter judgment in favor of Plaintiff and against Defendants;

**b.**   award damages as provided by 15 U.S.C. § 1692k;

**c.**   award attorney's fees, litigation expenses and costs; and

**d.**   grant such other and further relief as is appropriate.

Page 5 of 9 Pages

## COUNT II - WELTMAN AND NICHOLAS ROHNER
## FALSE OR MISLEADING REPRESENTATIONS

**24.**   Plaintiff incorporates each of the foregoing allegations as if fully set forth hereafter.

**25.**   At all times relevant to the Plaintiff's Complaint, there was in full force and effect the following federal statute providing, in pertinent part:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> &ast;  &ast;  &ast;
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**26.**   Defendants knew or should have known that Mr. Banks was not obligated to pay this debt.

**27.**   Mr. Banks was damaged as a direct result of the Defendants' false representations.

WHEREFORE, Plaintiff, by counsel, respectfully request the Court:

**a.**      enter judgment in favor of Plaintiff and against Defendants;

**b.**      award damages as provided by 15 U.S.C. § 1692k;

**c.**      award attorney's fees, litigation expenses and costs; and

**d.**      grant such other and further relief as is appropriate.

## COUNT III - WELTMAN AND NICHOLAS ROHNER
## FALSE OR MISLEADING REPRESENTATIONS

**28.**  Plaintiff incorporates each of the foregoing allegations as if fully set forth hereafter.

**29.**  At all times relevant to the Plaintiff's Complaint, there was in full force and effect the following federal statute providing, in pertinent part:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>          \*   \*   \*
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

**30.**  Defendants knew or should have known that Mr. Banks was not obligated to pay this debt.

**31.**  Mr. Banks was damaged as a direct result of the Defendants' false representations.

WHEREFORE, Plaintiff, by counsel, respectfully request the Court:

    **a.**      enter judgment in favor of Plaintiff and against Defendants;

    **b.**      award damages as provided by 15 U.S.C. § 1692k;

    **c.**      award attorney's fees, litigation expenses and costs; and

    **d.**      grant such other and further relief as is appropriate.

## COUNT IV - WELTMAN AND NICHOLAS ROHNER
## FALSE OR MISLEADING REPRESENTATIONS

**32.**   Plaintiff incorporates each of the foregoing allegations as if fully set forth hereafter.

**33.**   At all times relevant to the Plaintiff's Complaint, there was in full force and effect the following federal statute providing, in pertinent part:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> * * *
> (2) The false representation of--
>
> (A) the character, amount, or **legal status** of any debt; or . . .
>
> (Emphasis Supplied)

**34.**   Defendants knew or should have known that Mr. Banks was not obligated to pay this debt.

**35.**   Mr. Banks was damaged as a direct result of the Defendants' false representations.

WHEREFORE, Plaintiff, by counsel, respectfully request the Court:

**a.**     enter judgment in favor of Plaintiff and against Defendants;

**b.**     award damages as provided by 15 U.S.C. § 1692k;

**c.**     award attorney's fees, litigation expenses and costs; and

**d.**     grant such other and further relief as is appropriate.

Page 8 of 9 Pages

Respectfully submitted,

By_____
     Clifford W. Shepard

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

Respectfully submitted,

By_____
     Clifford W. Shepard

**Clifford W. Shepard**
**Attorney at Law, 17551-49**
**2325 West Washington Street**
**Indianapolis, Indiana 46222-4256**
**Telephone: (317) 916-8000**
**Facsimile: (317) 916-8001**
**E-Mail: ConsProLaw@aol.com**
**Attorney for the Plaintiff**

Page 9 of 9 Pages